UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IAN ANTHONY MEDINA, *on behalf of himself
and all others similarly situated*,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

21-CV-1427 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this "class action" alleging that the United States of America has "targeted, planned and executed a heinous plan of espionage, surveillance and genocide against the Represented Class," which Plaintiff seeks to represent. (ECF 2, at 2.) By order dated February 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are taken from the complaint: In April 2017, "the "Represented Class started to hear audible sounds and see holographic visual depictions of individuals without power to change, stop or terminate the communicative exchange." (ECF 2, at 2.) These depictions originated with Defendant, which "broke and entered the Represented Class's residences, incapacitated them with weaponry and then implanted a holographic visual transmitting device on both eyes of the Represented Class and auditory propelling device on both ears of the Represented Class." (*Id.* at 3.) "The devices implanted are called 'T-Line' short for Trump Line." (*Id.*)

Plaintiff describes the experiences of the Represented Class as "the worst modern-day genocide the earth has seen since the Holocaust." (*Id.*) But "[w]hat makes this genocide worse than the Holocaust is that no one, both domestic and foreign, is [ ]willing to do anything to hold Defendant . . . accountable." (*Id.*)

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

2

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 18, 2021
         New York, New York

COLLEEN McMAHON
Chief United States District Judge